```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

KENDRICK HARRIS,                  )
                                  )
          Plaintiff,              )
                                  )
     v.                           )     No. 4:06-CV-1830-JCH
                                  )
RUSSEL TURNER, et al.,            )
                                  )
          Defendants.             )
```

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Kendrick Harris for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which

relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff seeks monetary relief against defendants Russel Turner ("manager, Hagars House") George Woods ("CEO"), John Doe, Sylvia Woods ("director"), and Hagars House, Inc. Plaintiff alleges that he is in Hagars House, "a treatment recovery house" in St. Louis, Missouri. He claims that defendant Turner "violated [his] rights by releasing info on [him] without [his] permission." In addition, plaintiff claims that Turner assaulted him, and that he reported Turner's conduct to defendant Woods.

At the outset, the Court notes that plaintiff's grounds for filing this case in Federal Court are, as follows: "Violation of consent to release info[.] Violation of Federal Privacy Rights

2

Act[.] Phone harassment[.] Assault[.] 42 U.S.C. § 3601, Chapter 632 RSMo.630.115.1 630167."

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed, without prejudice, for lack of subject matter jurisdiction. The aforestated federal and state statutes do not confer federal-court jurisdiction over plaintiff's claims. Furthermore, to the extent that plaintiff is attempting to assert that defendants violated the privacy provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), Pub.L.No. 104-191, 110 Stat. 1936 (1996), this Court lacks subject matter jurisdiction, because there is no private cause of action under HIPAA. *See Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *Bradford v. Blake*, 2006 WL 744307 (E.D.Mo. 2006).

Moreover, defendants are not alleged, nor do they appear, to be state actors, and thus, there can be no cause of action under 42 U.S.C. § 1983. Last, although the amount in controversy exceeds $75,000, diversity of citizenship is lacking for purposes of jurisdiction under 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and/or fails to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this <u>20th </u>day of February, 2007.

<u>/s/ Jean C. Hamilton           </u>
UNITED STATES DISTRICT JUDGE